UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

THOMAS DANIEL JOHNSON,                )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )        1:25-cv-01332-MMM
                                      )
MOATS, *et al.*                       )
                                      )
                    Defendants.       )

**ORDER**

Plaintiff, proceeding pro se from Butner Low FCI, previously imprisoned at the federal prison in Pekin, alleges Defendants violated his Eighth Amendment rights through deliberate indifference to his serious medical needs. He also sues the United States under the Federal Tort Claim Act for medical negligence.

The Court has jurisdiction over Plaintiff's Eighth Amendment claims pursuant to the Court's federal question jurisdiction. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that victim of Fourth Amendment violation by federal officers may bring suit for money damages against the officers in federal court); *Carlson v. Green*, 446 U.S. 14, 18 (1980) (extending *Bivens* to claims for violations of the Eighth Amendment). And the Court has jurisdiction over Plaintiff's medical negligence claim pursuant to the FTCA.

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A complaint is legally insufficient if it "(1) is frivolous, malicious, or fails to state

a claim upon which relief may be granted; or (2) serelief.tary relief from a defendant who is immune from such relief." *Id.* The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**Defendants.** Plaintiff names as Defendants the United States of America, Dr. Scott Moats, Dr. Jeffery Lee Ho,  and RN J. Frank.

**Factual allegations.** In June 2021 Plaintiff was examined by RN Frank who noted a lump in Plaintiff's right groin. Frank diagnosed a femoral hernia. Dr. Moats did not examine Plaintiff at that time. Dr. Moats falsely stated that he had examined Plaintiff (rather than Frank). Moats entered the femoral hernia diagnosis into Plaintiff's medical records based on Frank's examination of Plaintiff. RN Frank's assessment was incorrect. Plaintiff had a cancerous growth that RN Frank had misdiagnosed as a hernia.

Plaintiff alleges he continued to complain about this medical issue for over two years, until late June 2023, when RN Frank re-diagnosed the tumor as a lymph node issue. Plaintiff alleges he asked Frank if it was cancer and Frank said, "yes." Plaintiff alleges he asked to be seen by a physician and RN Frank refused and made Plaintiff leave the medical area. Plaintiff alleges that whether the mass was a hernia or a cancerous tumor, all three Defendants did not take any action to treat this obvious medical issue for two years (2021 – 2023) despite Plaintiff's repeated requests and the obvious need. Plaintiff alleges that he wrote notes to all three Defendants the same day

he spoke with Frank, in June 2023, detailing that interaction and explaining that Frank had stated Plaintiff had cancer. Plaintiff alleges that he hand delivered these notes to the medical department. He did not hear anything for the next thirty days.

Plaintiff alleges that on July 27, 2023, he attempted to initiate a "BP-8" administrative remedy request, detailing the medical issue he needed help with, and requesting treatment. He alleges that two days later, an unknown staff member brought the BP-8 back to Plaintiff's cell, with the three documents Plaintiff had delivered to the medical department, and told Plaintiff "you don't have fucking cancer, you have a hernia, my staff will get to you when they get to you."

Plaintiff alleges he continued to complain for another year, repeatedly requesting treatment for the continuing pain he was experiencing with the lump in his right groin. He alleges he was repeatedly verbally abused regarding his requests for health care, by RN Frank.

On September 19, 2024, Plaintiff was taken to Carle Health Pekin Hospital emergency department. It was there determined that Plaintiff was suffering from lymphoma. He later began treatment for stage IV cancer.

**Legal standards.** Deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A claim does not rise to the level of an Eighth Amendment issue, however, unless the inadequate medical care is

"deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996); *see also Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014) (healthcare providers may exercise their medical judgment when deciding whether to refer a prisoner to a specialist). The failure to refer constitutes deliberate indifference only if it was "blatantly inappropriate." *Id*. at 409. Denying or delaying a referral in favor of "easier and less efficacious treatment" may be blatantly inappropriate if it does not reflect an exercise of sound professional judgment. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016), *as amended* (Aug. 25, 2016).

Separately, "The Federal Tort Claims Act makes the federal government liable for acts or omissions by its employees that would be torts in the state in which they occurred had they been committed by someone other than a federal employee." *Glade v. United States*, 692 F.3d 718, 721 (7th Cir. 2012). Where the alleged tort occurred in Illinois, "Illinois law governs." *Buechel v. United States*, 746 F.3d 753, 763 (7th Cir. 2014) (citing 28 U.S.C. § 1346(b)(1)). To succeed on a medical negligence claim under Illinois law, a plaintiff must prove: "(1) the proper standard of care against which the defendant's conduct is measured; (2) an unskilled or negligent failure to comply with the applicable standard; and (3) a resulting injury proximately caused by the defendants' want of skill or care." *Morisch v. United States*, 653 F.3d 522, 531 (7th Cir. 2011). Also, Illinois law requires an affidavit of merit as a substantive element of a

medical negligence claim. 735 ILCS 5/2-622(a); *Young v. U.S.*, 942 F.3d 351-52 (7th Cir. 2019).

**Analysis.** Plaintiff's allegations state an Eighth Amendment claim against Frank, Moats, and Ho, and an FTCA medical negligence claim against the United States of America.

**Affidavit of Merit.** The Court mentioned above that a certificate of merit must be tendered as a component of Plaintiff's Federal Tort Claims Act claim. 735 ILCS 5/2-622(a); *Young v. U.S.*, 942 F.3d at 351-52 (7th Cir. 2019). Plaintiff has undertaken certain efforts to comply with this requirement and has attached his efforts to his complaint. **But those efforts are insufficient to meet the requirements of § 622, and since this issue can be case-dispositive early in the life of the lawsuit, the Court addresses it now.**

Plaintiff's allegations are clear. And the medical documents attached to the complaint indicate that he was seen at Carle Health in September 2024 and was at that time diagnosed with likely lymphoma, with masses in his right groin and on his spleen, and that a biopsy confirmed that diagnosis in October 2024.

Plaintiff's attachments regarding his earlier care indicate he was seen on June 23, 2021, at the prison, and diagnosed with a right femoral hernia. Doc. 1-1 at 68. Plaintiff attaches a medical record from June 2023 related to a rash; that document does not mention the right groin issue. Doc. 1-1 at 37. Plaintiff attaches prison medical records from February 2024 that discuss a "large inguinal hernia on right side," with a plan to follow up regarding surgery, but no indication that further action was taken. Doc. 1-1 at

36. Finally, Plaintiff attaches what he presents as copies of notes he wrote to Moats, Ho, and Frank in July 2023. Doc. 1-1 at 105-107. These documents were created by Plaintiff and are not medical records, and though they purport to relate to Plaintiff's care and his allegations, it is unclear if a medical professional would rely on them or on documents like them as a basis for a professional opinion as an expert.

The Court has engaged in a somewhat granular review of these documents that Plaintiff attached to the complaint in order to put Plaintiff on clear notice now, at the outset of this action, that although Plaintiff has demonstrated he has cancer, and was earlier diagnosed with a hernia, **the medical records he attaches do not, on their own, show or indicate with the force of a written expert report that he has a meritorious claim for medical negligence under Illinois law**.

To the extent Plaintiff intends to pursue his FTCA medical negligence claim, he will be required to obtain and file a § 622 affidavit that the qualifying health professional has reviewed Plaintiff's medical records and that:

> … the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

735 ILCS 5/2-622(a)(1). Section 2-622 provides for some very limited exceptions to this language, but they relate only to timing, not to the ultimate requirement that an affidavit as strictly outlined in this statute must be obtained and filed. Plaintiff will be

required to obtain a compliant affidavit to prevail on this claim. Defendants in cases like this case often move for summary judgment on this issue very early in the case. The Seventh Circuit has approved of granting such motions early in the case so long as the plaintiff has been put on notice that he must obtain a compliant affidavit and tender it in response to such a motion. *See Young*, 942 F.3d 351-52.

**IT IS THEREFORE ORDERED:**

1.  **Plaintiff's Motion to Have Defendants Served [4] and Motion for Status [10] are MOOT.**

2.  **Plaintiff's Motion for Copies [5] is DENIED. The Clerk is to send Plaintiff a letter detailing the cost of the requested copies. On receipt of payment the Clerk will provide the requested copies to Plaintiff.**

3.  **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states an Eighth Amendment claim against Defendants Frank, Moats, and Ho, and an FTCA claim against the United States of America. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

4.  **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

5.  **The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

6.  **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall**

be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

7. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

8. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

9. Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.

10. The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

11. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 22nd day of April, 2026.

_s/Michael M. Mihm_

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE